UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

ROBERT J. KILLION, JR.
Plaintiff,

**04-40256**

v.

COMMONWEALTH YACHTS and
MAINSHIP CORPORATION
Defendants.

## NOTICE OF REMOVAL

The Defendant Mainship Corporation (hereinafter "Mainship") hereby removes the above-referenced matter pursuant to 28 U.S.C. §§ 1332 and 1441, from the Superior Court for the Commonwealth of Massachusetts, Worcester County, on the following grounds:

1. Upon information and belief, Plaintiff Robert J. Killion, Jr. (hereinafter "plaintiff") is a citizen of the Commonwealth of Massachusetts.

2. Mainship is a corporation under the laws of the State of New Jersey, and does business in the State of Florida and the State of Georgia.

3. Plaintiff has alleged that the Defendant Commonwealth Yachts (hereinafter "Commonwealth") is a citizen of Virginia, being a Virginia Corporation with a usual place business located at 8109 Yacht Haven Road, Gloucester Point, Virginia.

**FILING FEE PAID:**
RECEIPT #_____
AMOUNT $_____
BY DPTY CLK_____
DATE_____

- 2 -

4.  Plaintiff filed a civil action against Mainship and Commonwealth in the Superior Court of the Commonwealth of Massachusetts for the County of Worcester, known and numbered as Robert J. Killion, Jr., v. Mainship Corporation and Commonwealth Yachts, Civil Action No. WOCV2004-01932. Copies of the Summons and First Complaint and Jury Demand, which were served upon Mainship on or about November 16, 2004, are attached hereto as Exhibit 1.

5.  Upon information and belief, the amount in controversy in this action, exclusive of interest and costs, exceeds $75,000, in that Plaintiff alleges fraud, breach of contract, breach of warranty, and statutory claims against Mainship arising out of the sale of a boat to plaintiff, for which plaintiff seeks compensatory damages, attorneys fees, multiple damages, and other relief. Mainship denies that plaintiff is entitled to any damages or other relief, but, upon information and belief, the amount in controversy, exclusive of interest and costs, exceeds $75,000.

6.  Accordingly, this action is one over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and is one that may be removed to this Court pursuant to 28 U.S.C. § 1441.

7.  This Notice of Removal is filed within thirty (30) days after November 16, 2004, the date of receipt by Mainship of the Summons and First Complaint and Jury Demand in accordance with 28 U.S.C. §1446(b).

- 3 -

8.  Copies of all process and pleadings served upon Mainship in this action are attached hereto at Exhibit 1. Notice of this Notice of Removal promptly will be filed with the Clerk of the Massachusetts Superior Court, Worcester County, and served on plaintiff, pursuant to 28 U.S.C. § 1446(d), and proof thereof will be filed with this Court.

9.  Mainship hereby reserves all rights and defenses, and waives none by virtue of this removal.

WHEREFORE, defendant Mainship respectfully removes this action from the Massachusetts Superior Court, Worcester County, to this Court.

Dated: December 13th, 2004

> The defendant,
> Mainship Corporation,
> By its attorney,
>
> _____
> Peter M. Durney #139260
> CORNELL & GOLLUB
> 75 Federal Street
> Boston, MA 02110
> (617) 482-8100

- 4 -

## CERTIFICATE OF SERVICE

I, Peter M. Durney, attorney for the defendant, Mainship Corporation, hereby certify that on the ___ day of December, 2004, a true copy of the foregoing Notice of Removal was served by mail, postage prepaid, directed to:

John M. Wozniak, Esq.
Brandon S. Killion, Esq.
Wozniak & Padula, P.C.
82 Cape Road, Suite 140
Mendon, MA 01756

Robert S. White, Esq.
Bourgeois Dresser & White
4 Dix Street
Worcester, MA 01609

_____
Peter M. Durney



# COMMONWEALTH OF MASSACHUSETTS

Worcester, ss.

Superior Court
Department of the Trial Court
of the Commonwealth
Civil Action

No. 04-1932/B

Robert J. Killion                          Plaintiff (s)

**SUMMONS**

v.

Manship Corp. &
Commonwealth Yachts                        Defendant (s)

*   To the above-named Defendant: Manship Corp.

You are hereby summoned and required to serve upon John M. Woznick, Brandon S. Killion, plaintiff's attorney, whose address is 52 Cape Road, Mexico, MA 02576, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the SUPERIOR COURT Department of the Trial Court at WORCESTER either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counter-claim any claim which you may have against the plaintiff which arises out of the transaction of occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, SUZANNE V. DEL VECCHIO, Esquire, at Worcester, the 13th day of October in the year of our Lord two thousand and four.

Clerk

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to that particular defendant.

PLEASE CIRCLE TYPE OF ACTION INVOLVED: TORT — MOTOR VEHICLE TORT — CONTRACT EQUITABLE RELIEF — CH. 93A — MEDICAL MALPRACTICE — OTHER.

*   NOTICE TO DEFENDANT: You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein AND also file the original in the Clerk's Office, Superior Court, Room 21.

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on .......11/16......
20..04..., I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (See Mass. R. Civ. P 4(d) (1-5):
Ernie D'Alto, General Mgr @ 10:51 a.m.

Dated: ......11/16......, 20..04.... .

**N.B. TO PROCESS SERVER:**

PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.

11/16 , 20 04



COMMONWEALTH OF MASSACHUSETTS
Worcester, ss.

Superior Court
Civil Action
No.

................................ Plaintiff

v.

................................ Defendant

SUMMONS
(Mass. R. Civ. P. 4)

| CIVIL ACTION COVER SHEET | DOCKET NO.(s) 04-1932B | Trial Court of Massachusetts Superior Court Department County: _____ |
|---|---|---|

| PLAINTIFF(S) Robert J. Killion, Jr. | DEFENDANT(S) Mainship Corporation and Commonwealth Yachts |
|---|---|
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE Wozniak + Padula, P.C. 82 Cape Rd, Mendon, MA 01756 John M. Wozniak Brandon S. Killion Board of Bar Overseers number: | ATTORNEY (if known) |

Origin code and track designation

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 & 104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| A02 | Fraud and Breach of Contract | (F) | (X) Yes ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses .............................................. $..........
2. Total Doctor expenses ............................................... $..........
3. Total chiropractic expenses ......................................... $..........
4. Total physical therapy expenses .................................... $..........
5. Total other expenses (describe) .................................... $..........
   Subtotal $..........
B. Documented lost wages and compensation to date ...................... $..........
C. Documented property damages to date ................................. $..........
D. Reasonably anticipated future medical and hospital expenses ......... $..........
E. Reasonably anticipated lost wages ................................... $..........
F. Other documented items of damages (describe)
   $..........
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

$..........
TOTAL $..........

CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):
Fraud in sale of motor vessel and Breach of Contract as well as 93A claims.

TOTAL $ 70,000

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____ 658740    DATE: 10/5/04

AOTC-6 mtc005-11/99
AOSC 1-2000

Sent By: LUHRS/MAINSHIP SERVICE;    9048272158;    Nov-18-04  3:48PM;    Page 1/2

COMMONWEALTH OF MASSACHUSETTS

Worcester, ss                                          Worcester Superior Court
                                                       Civil Action No. _ _____

Robert J. Killion, Jr.        )
                              )
                              )
v.                            )
                              )
                              )
Mainship Corporation and      )
Commonwealth Yachts           )
                              )

## FIRST COMPLAINT AND JURY DEMAND

This action has, as its origins, a transaction for the sale of a motor vessel. The vessel at issue in this action was manufactured by Mainship Corporation and sold to the plaintiff, Robert J. Killion, Jr., by Commonwealth Yachts of Gloucester Point, Virginia. Recovery is sought under the theories of Fraud, Breach of Contract, Breach of Warranty and M.G.L.c. 93A.

## PARTIES

1. The plaintiff, Robert J. Killion, Jr., (hereinafter "Plaintiff"), is an individual residing at 61 Redemption Rock Trail, Princeton, Worcester County, Massachusetts.

2. The defendant, Mainship Corporation, (hereinafter "Mainship") upon information and belief, is a Georgia Corporation with a usual place of business located at 548 Industrial Boulevard, Midway, Georgia.

3. The defendant, Commonwealth Yachts, (hereinafter "Commonwealth"), upon information and belief, is a Virginia Corporation with a usual place of business located at 8109 Yacht Haven Road, Gloucester Point, Virginia.

## FACTS

4. The Plaintiff repeats and realleges the allegations contained in Paragraphs 1-3 of the Plaintiff's Complaint as though specifically restated herein.

5. On or about October 14, 2001, the Plaintiff purchased a Mainship 390 Trawler, (hereinafter "the vessel"), from Commonwealth Yachts.

6. Prior to purchasing this vessel, the Plaintiff had researched his purchase options for approximately two years leading up to the Annapolis Boat Show in Annapolis, Maryland, in October of 2001.

7. While at the Annapolis Boat Show the Plaintiff began discussing the particulars of the 2002 model year Mainship 390 Trawler with representatives from both Mainship and Commonwealth.

8. During conversations with the representatives of Mainship and Commonwealth regarding the 2002 Mainship 390 Trawler the Plaintiff asked a number of specific questions, including whether the vessel was made of solid fiberglass below the waterline and whether the swim platform leakage problems, present in some of the earlier model Mainship 390 and 350 Trawlers, had been addressed and solved.

9. In response to his direct questions, the representative of Mainship and Commonwealth answered both in the affirmative, stating that in fact all areas of the vessel below the waterline were made of solid fiberglass, and that the swim platform problems, present in some of the earlier model Mainship 350 and 390 Trawlers, had in fact been addressed, solved, and would no longer present an issue.

10. In reliance upon the representation of the Mainship and Commonwealth representatives, several days later after returning to Massachusetts, the Plaintiff purchased a 2002 Mainship 390 Trawler.

11. Subsequently, after taking possession of the vessel at Commonwealth's Gloucester Point location, the Plaintiff began to notice problems developing, including a noticeable list, and a loss of approximately 3 to 4 knots of top end speed, which impacted significantly the performance of the vessel.

12. Upon further investigation, the Plaintiff became aware that his swim platform had filled up with seawater, causing the list and speed loss as a result of added weight, which impacted the vessel's performance.

13. The Plaintiff took his vessel to DeMillo's Marine in Maine for repairs whereupon he became aware that the swim platform, which blends seamlessly with the hull and of which a substantial portion resides below the waterline of the vessel, was in fact cored and not made of solid fiberglass. Additionally, the cored areas of the swim platform had now become permeated with seawater, thereby wetting the balsa wood core.

14. Had the Plaintiff been aware that the vessel was not solid below the waterline and/or that the swim platform leakage issues remained present in the 2002 Mainship 390 Trawler model, the Plaintiff would not have purchased the vessel.

## CLAIMS

### COUNT I
( Fraud )

15. The Plaintiff repeats and realleges the allegations contained in Paragraphs 1-14 of the Plaintiff's Complaint as though specifically restated herein.

16. The Defendants, their agents or employees made material representations to the Plaintiff concerning the construction of all areas below the waterline, stating that such was solid fiberglass.

17. The Defendants, their agents or employees made material representations to the Plaintiff concerning the swim platform and whether the leakage problems had been addressed and solved in the 2002 Mainship 390 Trawler model, stating that they had.

18. At the time such material representations were made, Defendants, their agents and employees knew or should have known such material representations to be false and that such representations would induce the Plaintiff to act.

19. In entering the contract to purchase his vessel, Plaintiff relied upon the material representations of Defendants, their agents and employees as to the particulars of the vessel.

20. As a result, the Plaintiff has been damaged.

### COUNT II
( Breach of Contract )

21. Plaintiff repeats and realleges the allegations contained in Paragraphs 1-20 of Plaintiff's Complaint as though specifically restated herein.

22. The Plaintiff and Defendants signed and entered into a written contract with consideration in the form of monies from the Plaintiff in return for a 2002 Mainship 390 Trawler and its subsequent delivery.

23. The agreement between the parties was subject to the implied covenant of good faith and fair dealing.

24. The Defendants, their agents or employees breached this agreement between the parties by failing to operate in good faith and deal fairly with the Plaintiff by falsely representing the particulars of the 2002 Mainship 390 Trawler.

25. As a result, the Plaintiff has been damaged.

## COUNT III
### ( Breach of Warranty )

26. The Plaintiff repeats and realleges the allegations contained in Paragraphs 1-25 of the Plaintiff's Complaint as though specifically restated herein.

27. The 2002 Mainship 390 Trawler that the Plaintiff purchased came with certain expressed and implied warranties that it was fit for its proper and intended purpose and use.

28. The Defendants, their agents or employees breached the aforementioned expressed and implied warranties.

29. As a result, the Plaintiff has been damaged.

## COUNT IV
### ( M.G.L.c. 93A )

30. The Plaintiff repeats and realleges the allegations contained in Paragraphs 1-29 of the Plaintiff's Complaint at though specifically restated herein.

31. The conduct of Defendants, their agents or employees, including but not limited to misrepresentation by the representatives of Commonwealth and Mainship at the 2001 Annapolis Boat Show, constitute violations of M.G.L.c. 93A.

32. The conduct of Defendants, their agents or employees was willful and intentional.

33. The Plaintiff, pursuant to M.G.L.c. 93A made a formal demand upon the Defendants. Both parties have failed to respond with a reasonable offer of settlement.

34. As a result of the conduct of the Defendants, their agents or employees in violation of M.G.L.c. 93A, the Plaintiff has been damaged.

## JURY DEMAND

THE PLAINTIFF REQUESTS A TRIAL BY JURY ON ALL TRIABLE ISSUES.

WHEREFORE, the Plaintiff prays that this court will:

1. Enter judgment for the Plaintiff against the Defendant on Counts I, II, III, and IV;

2. Determine the amount of monies the Defendants owe the Plaintiff and issue judgment therefore, together with interest and costs;

3. Award the Plaintiff his costs in prosecuting this action, including reasonable attorney's fees;

4. Treble any damages pursuant to M.G.L.c. 93A; and

5. Order such other relief as is meet and just.

                                          Respectfully Submitted,
                                          The Plaintiff,
                                          By His Attorney,

                                          _____
                                          John M. Wozniak (BBO# 556441)
                                          Brandon S. Killion (BBO# 658740)
                                          Wozniak & Padula, P.C.
                                          82 Cape Road, Route 140
                                          Mendon, MA 01756
                                          (508) 478 - 3788

Dated: October 4, 2004

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Killion, Robert J., Jr.

## DEFENDANTS
Commonwealth Yachts and Mainship Corporation

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: Worcester
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: ___
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
John M. Wozniak, Esq. and Brandon S. Killion, Esq.
Wozniak & Padula, P.C.
82 Cape Road, Suite 140
Mendon, MA 01756

ATTORNEYS (IF KNOWN)
See Attachment

04-40256

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☒ 190 Other Contract
- ☐ 195 Contract Product Liability

**TORTS — PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**TORTS — PERSONAL INJURY**
- ☐ 362 Personal Injury — Med. Malpractice
- ☐ 365 Personal Injury — Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
- HABEAS CORPUS:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS — Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Diversity Jurisdiction pursuant to 28 U.S.C. sec. 1332 and 1441. Plaintiff alleges breach of contract and fraud arising out of the purchase and sale of a boat.

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A CLASS ACTION ☐ UNDER F.R.C.P. 23
DEMAND $ Not Stated
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE ___ DOCKET NUMBER ___

DATE: 12/13/04
SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # ___ AMOUNT ___ APPLYING IFP ___ JUDGE ___ MAG. JUDGE ___

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**04-40256**

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) Robert Killion
   Commonwealth Yachts

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   ___ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ___ II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,       *Also complete AO 120 or AO 121
            740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.          for patent, trademark or copyright cases

   X   III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
            315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
            380, 385, 450, 891.

   ___ IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
            690, 810, 861-865, 870, 871, 875, 900.

   ___ V.   150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.
   N/A

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?
                                                    YES           (NO)

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC §2403)
                                                    YES           (NO)
   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?
                                                    YES            NO

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?
                                                    YES           (NO)

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).
                                                   (YES)           NO

   A. IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?
      EASTERN DIVISION    (CENTRAL DIVISION)    WESTERN DIVISION

   B. IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?
      EASTERN DIVISION     CENTRAL DIVISION     WESTERN DIVISION

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  Peter M. Durney
ADDRESS  Cornell & Gollub, 75 Federal Street, Boston, MA 02110
TELEPHONE NO. 617-482-8100

(Cover sheet local.wpd - 11/27/00)