**Commonwealth of Massachusetts**
**WORCESTER SUPERIOR COURT**
**Case Summary**
**Civil Docket**

04-40256PP05

# WOCV2004-01932
## Killion Jr v Mainship Corporation et al

| | | | | A ⚬ 33 |
|---|---|---|---|---|
| **File Date** | 10/05/2004 | **Status** | Disposed: transfered to other court (dtrans) | |
| **Status Date** | 12/22/2004 | **Session** | B - Civil B (18 Worcester) | |
| **Origin** | 1 | **Case Type** | A02 - Goods sold/delivered under contract | |
| **Lead Case** | | **Track** | F | |

| **Service** | 01/03/2005 | **Answer** | 03/04/2005 | **Rule12/19/20** | 03/04/2005 |
|---|---|---|---|---|---|
| **Rule 15** | 03/04/2005 | **Discovery** | 08/01/2005 | **Rule 56** | 08/31/2005 |
| **Final PTC** | 09/30/2005 | **Disposition** | 11/29/2005 | **Jury Trial** | Yes |

### PARTIES

**Plaintiff**
Robert J Killion Jr
61 Redemption Rock Trail
Princeton, MA 01541
Active 10/05/2004

**Private Counsel 556441**
John M Wozniak
82 Cape Road
Mendon, MA 01756
Phone: 508-478-3788
Fax: 508-533-7405
Active 10/05/2004 Notify

**Defendant**
Mainship Corporation
548 Industrial Boulevard
Midway, GA 31320
Answered: 12/07/2004
Answered 12/07/2004

**Private Counsel 139260**
Peter M Durney
Cornell & Gollub
75 Federal Street
Boston, MA 02110
Phone: 617-482-8100
Fax: 617-482-3917
Active 12/07/2004 Notify

**Private Counsel 657610**
Anthony J Manhart
Cornell & Gollub
75 Federal Street
Boston, MA 02
Phone: 617-482-8100
Active 12/07/2004 Notify

**Defendant**
Commonwealth Yachts
8109 Yacht Haven Road
Gloucester Point, VA 23062
Served: 11/15/2004
Served (answr pending) 11/15/2004

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 10/05/2004 | 1.0 | Complaint & civil action cover sheet filed and rule 29 statement-CJ |
| 10/05/2004 | | Origin 1, Type A02, Track F. |

12/13

## COMMONWEALTH OF MASSACHUSETTS

Worcester, ss.

SUPERIOR COURT
CIVIL ACTION NO.: W0CV2004-01932 B



ATTEST: DEC 1 2004

ROBERT J. KILLION, JR.
    Plaintiff,

v.

COMMONWEALTH YACHTS and
MAINSHIP CORPORATION
    Defendants.

### NOTICE OF FILING
### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§1446(d), Defendant Mainship Corporation hereby gives notice to the Superior Court of the Commonwealth of Massachusetts for the County of Worcester and to John M. Wozniak, Esq., and Brandon S. Killion, Esq., attorneys for the plaintiff, and to Robert S. White, Esq., attorney for Defendant Commonwealth Yachts that Defendant Mainship Corporation has filed a Notice of Removal, hereby removing the above-captioned action to the United States District Court for the District of Massachusetts. A stamped copy of the Notice of Removal is attached to this Notice.

The defendant,
Mainship Corporation,
By its attorneys,

Peter M. Durney #139260
Anthony J. Manhart #657610
CORNELL & GOLLUB
75 Federal Street
Boston, MA 02110
(617) 482-8100

A true copy by photostatic process
Attest:
Asst. Clerk

- 2 -

## CERTIFICATE OF SERVICE

I, Anthony J. Manhart, attorney for the defendant, Mainship Corporation, hereby certify that on the _8th_ day of December, 2004, a true copy of the foregoing Notice of Filing Notice of Removal was served by mail, postage prepaid, directed to:

John M. Wozniak, Esq.
Brandon S. Killion, Esq.
Wozniak & Padula, P.C.
82 Cape Road, Suite 140
Mendon, MA  01756

Robert S. White, Esq.
Bourgeois Dresser & White
4 Dix Street
Worcester, MA  01609

_____
Anthony J. Manhart

UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

ROBERT J. KILLION, JR.
Plaintiff,

v.

COMMONWEALTH YACHTS and
MAINSHIP CORPORATION
Defendants.

04 - 40256

## NOTICE OF REMOVAL

The Defendant Mainship Corporation (hereinafter "Mainship") hereby removes the above-referenced matter pursuant to 28 U.S.C. §§ 1332 and 1441, from the Superior Court for the Commonwealth of Massachusetts, Worcester County, on the following grounds:

1.    Upon information and belief, Plaintiff Robert J. Killion, Jr. (hereinafter "plaintiff") is a citizen of the Commonwealth of Massachusetts.

2.    Mainship is a corporation under the laws of the State of New Jersey, and does business in the State of Florida and the State of Georgia.

3.    Plaintiff has alleged that the Defendant Commonwealth Yachts (hereinafter "Commonwealth") is a citizen of Virginia, being a Virginia Corporation with a usual place business located at 8109 Yacht Haven Road, Gloucester Point, Virginia.

- 2 -

4.    Plaintiff filed a civil action against Mainship and Commonwealth in the Superior Court of the Commonwealth of Massachusetts for the County of Worcester, known and numbered as <u>Robert J. Killion, Jr., v. Mainship Corporation and Commonwealth Yachts</u>, Civil Action No. WOCV2004-01932. Copies of the Summons and First Complaint and Jury Demand, which were served upon Mainship on or about November 16, 2004, are attached hereto as Exhibit 1.

5.    Upon information and belief, the amount in controversy in this action, exclusive of interest and costs, exceeds $75,000, in that Plaintiff alleges fraud, breach of contract, breach of warranty, and statutory claims against Mainship arising out of the sale of a boat to plaintiff, for which plaintiff seeks compensatory damages, attorneys fees, multiple damages, and other relief. Mainship denies that plaintiff is entitled to any damages or other relief, but, upon information and belief, the amount in controversy, exclusive of interest and costs, exceeds $75,000.

6.    Accordingly, this action is one over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and is one that may be removed to this Court pursuant to 28 U.S.C. § 1441.

7.    This Notice of Removal is filed within thirty (30) days after November 16, 2004, the date of receipt by Mainship of the Summons and First Complaint and Jury Demand in accordance with 28 U.S.C. §1446(b).

- 3 -

8.    Copies of all process and pleadings served upon Mainship in this action are attached hereto at Exhibit 1.  Notice of this Notice of Removal promptly will be filed with the Clerk of the Massachusetts Superior Court, Worcester County, and served on plaintiff, pursuant to 28 U.S.C. § 1446(d), and proof thereof will be filed with this Court.

9.    Mainship hereby reserves all rights and defenses, and waives none by virtue of this removal.

WHEREFORE, defendant Mainship respectfully removes this action from the Massachusetts Superior Court, Worcester County, to this Court.

Dated:  December 13ᵗʰ, 2004

The defendant,
Mainship Corporation,
By its attorney,

Peter M. Durney #139260
CORNELL & GOLLUB
75 Federal Street
Boston, MA 02110
(617) 482-8100

A true copy by photostatic process
Attest:
Asst. Clerk

- 4 -

## CERTIFICATE OF SERVICE

I, Peter M. Durney, attorney for the defendant, Mainship Corporation, hereby certify that on the ___ day of December, 2004, a true copy of the foregoing Notice of Removal was served by mail, postage prepaid, directed to:

John M. Wozniak, Esq.
Brandon S. Killion, Esq.
Wozniak & Padula, P.C.
82 Cape Road, Suite 140
Mendon, MA  01756

Robert S. White, Esq.
Bourgeois Dresser & White
4 Dix Street
Worcester, MA  01609

_____
Peter M. Durney

# COMMONWEALTH OF MASSACHUSETTS

Worcester, ss.

Superior Court
Department of the Trial Court
of the Commonwealth
Civil Action

No. 04-1932 B

Robert J. Killian )
)
)
Plaintiff (s) )
)
v. )       **SUMMONS**
)
)
)
Mainship Corp. & )
Commonwealth Yachts       Defendant (s) )

To the above-named Defendant: Mainship Corp.

You are hereby summoned and required to serve upon....John M. Wozniak
....Brandon S. Tellier........................................................, plaintiff's attorney,
whose address is ....33 Cape Road, Mendon, MA 01356........
an answer to the complaint which is herewith served upon you, within 20 days after
service of this summons upon you, exclusive of the day of service. If you fail to do so,
judgement by default will be taken against you for the relief demanded in the complaint.
You are also required to file your answer to the complaint in the SUPERIOR COURT
Department of the Trial Court at WORCESTER either before service upon plaintiff's
attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counter-
claim any claim which you may have against the plaintiff which arises out of the
transaction of occurrence that is the subject matter of the plaintiff's claim or you will
thereafter be barred from making such claim in any other action.

Witness. SUZANNE V. DEL VECCHIO. Esquire, at Worcester, the...13th................
day of ..October......... ...........................in the year of our Lord two thousand  and
..four........ .

A true copy by photostatic process
Attest:
Asst. Clerk

**Clerk**

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption.
   If a separate summons is used for each defendant, each should be addressed to that particular defendant.

PLEASE CIRCLE TYPE OF ACTION INVOLVED: TORT — MOTOR VEHICLE TORT —
CONTRACT EQUITABLE RELIEF — CH. 93A — MEDICAL MALPRACTICE — OTHER.

NOTICE TO DEFENDANT: You need not appear personally in court to answer the complaint, but
if you claim to have a defense, either you or your attorney must serve a copy of your written
answer within 20 days as specified herein AND also file the original in the Clerk's Office, Superior
Court, Room 21.

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on ................. 11/16 ........................................
20..04...., I served a copy of the within summons, together with a copy of the complaint in this action,
upon the within-named defendant, in the following manner (See Mass. R. Civ. P 4(d) (1-5):

Ernie D'Alto, General Mgr @ 10:51 a.m. .......................

......................................................................................................................

......................................................................................................................

Dated: ......... 11/16 .........................., 20...04..... .

**N.B. TO PROCESS SERVER:**

    PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX

    ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.



11/16 , 20 04

COMMONWEALTH OF MASSACHUSETTS

Superior Court
Civil Action

No.

.............................Plaintiff

v.

.............................Defendant

SUMMONS

(Mass. R. Civ. P. 4)

Worcester, ss.

| CIVIL ACTION COVER SHEET | DOCKET NO(S) 04-1932B | Trial Court of Massachusetts Superior Court Department County: |
|---|---|---|

**PLAINTIFF(S)** Robert J. Killion, Jr.

**DEFENDANT(S)** MAINSHIP corporation and Commonwealth Yachts

**ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE** Wozniak + Padula, P.C. 82 Cape Rd, Mendon, MA 01756    John M. Wozniak    Brendin S. Killion

**Board of Bar Overseers number:**

**ATTORNEY (If known)**

## Origin code and track designation

Place an x in one box only:

- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

## TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| A02 | FRAUD AND Breach of Contract | (F) | (X) Yes    ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
2. Total Doctor expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
3. Total chiropractic expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
4. Total physical therapy expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
5. Total other expenses (describe) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
   Subtotal $. . . . . . . . . . .
B. Documented lost wages and compensation to date . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
C. Documented property damages to date . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
D. Reasonably anticipated future medical and hospital expenses . . . . . . . . . . . . . . . $. . . . . . . . . . .
E. Reasonably anticipated lost wages . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
F. Other documented items of damages (describe)
   $. . . . . . . . . . .
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

   $. . . . . . . . . . .
   TOTAL $. . . . . . . . . . .

A true copy by photostatic process
Attest:
Asst. Clerk /s/

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):
Fraud in sale of motor vessel and Breach of Contract as well as 93 A claims.

$70,000
TOTAL $. . . . . . . . . . .

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____ 658740    DATE: 10/5/04

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

## COMMONWEALTH OF MASSACHUSETTS

Worcester, ss

Worcester Superior Court
Civil Action No. _ _____

```
                              )
Robert J. Killion, Jr.        )
                              )
v.                            )
                              )
Mainship Corporation and      )
Commonwealth Yachts           )
                              )
```

## FIRST COMPLAINT AND JURY DEMAND

This action has, as its origins, a transaction for the sale of a motor vessel. The vessel at issue in this action was manufactured by Mainship Corporation and sold to the plaintiff, Robert J. Killion, Jr., by Commonwealth Yachts of Gloucester Point, Virginia. Recovery is sought under the theories of Fraud, Breach of Contract, Breach of Warranty and M.G.L.c. 93A.

## PARTIES

1. The plaintiff, Robert J. Killion, Jr., (hereinafter "Plaintiff"), is an individual residing at 61 Redemption Rock Trail, Princeton, Worcester County, Massachusetts.

2. The defendant, Mainship Corporation, (hereinafter "Mainship") upon information and belief, is a Georgia Corporation with a usual place of business located at 548 Industrial Boulevard, Midway, Georgia.

3. The defendant, Commonwealth Yachts, (hereinafter "Commonwealth"), upon information and belief, is a Virginia Corporation with a usual place of business located at 8109 Yacht Haven Road, Gloucester Point, Virginia.

## FACTS

4. The Plaintiff repeats and realleges the allegations contained in Paragraphs 1-3 of the Plaintiff's Complaint as though specifically restated herein.

5. On or about October 14, 2001, the Plaintiff purchased a Mainship 390 Trawler, (hereinafter "the vessel"), from Commonwealth Yachts.

6.  Prior to purchasing this vessel, the Plaintiff had researched his purchase options for approximately two years leading up to the Annapolis Boat Show in Annapolis, Maryland, in October of 2001.

7.  While at the Annapolis Boat Show the Plaintiff began discussing the particulars of the 2002 model year Mainship 390 Trawler with representatives from both Mainship and Commonwealth.

8.  During conversations with the representatives of Mainship and Commonwealth regarding the 2002 Mainship 390 Trawler the Plaintiff asked a number of specific questions, including whether the vessel was made of solid fiberglass below the waterline and whether the swim platform leakage problems, present in some of the earlier model Mainship 390 and 350 Trawlers, had been addressed and solved.

9.  In response to his direct questions, the representative of Mainship and Commonwealth answered both in the affirmative, stating that in fact all areas of the vessel below the waterline were made of solid fiberglass, and that the swim platform problems, present in some of the earlier model Mainship 350 and 390 Trawlers, had in fact been addressed, solved, and would no longer present an issue.

10. In reliance upon the representation of the Mainship and Commonwealth representatives, several days later after returning to Massachusetts, the Plaintiff purchased a 2002 Mainship 390 Trawler.

11. Subsequently, after taking possession of the vessel at Commonwealth's Gloucester Point location, the Plaintiff began to notice problems developing, including a noticeable list, and a loss of approximately 3 to 4 knots of top end speed, which impacted significantly the performance of the vessel.

12. Upon further investigation, the Plaintiff became aware that his swim platform had filled up with seawater, causing the list and speed loss as a result of added weight, which impacted the vessel's performance.

13. The Plaintiff took his vessel to DeMillo's Marine in Maine for repairs whereupon he became aware that the swim platform, which blends seamlessly with the hull and of which a substantial portion resides below the waterline of the vessel, was in fact cored and not made of solid fiberglass. Additionally, the cored areas of the swim platform had now become permeated with seawater, thereby wetting the balsa wood core.

14. Had the Plaintiff been aware that the vessel was not solid below the waterline and/or that the swim platform leakage issues remained present in the 2002 Mainship 390 Trawler model, the Plaintiff would not have purchased the vessel.

## CLAIMS

### COUNT I
( Fraud )

15. The Plaintiff repeats and realleges the allegations contained in Paragraphs 1-14 of the Plaintiff's Complaint as though specifically restated herein.

16. The Defendants, their agents or employees made material representations to the Plaintiff concerning the construction of all areas below the waterline, stating that such was solid fiberglass.

17. The Defendants, their agents or employees made material representations to the Plaintiff concerning the swim platform and whether the leakage problems had been addressed and solved in the 2002 Mainship 390 Trawler model, stating that they had.

18. At the time such material representations were made, Defendants, their agents and employees knew or should have known such material representations to be false and that such representations would induce the Plaintiff to act.

19. In entering the contract to purchase his vessel, Plaintiff relied upon the material representations of Defendants, their agents and employees as to the particulars of the vessel.

20. As a result, the Plaintiff has been damaged.

### COUNT II
( Breach of Contract )

21. Plaintiff repeats and realleges the allegations contained in Paragraphs 1-20 of Plaintiff's Complaint as though specifically restated herein.

22. The Plaintiff and Defendants signed and entered into a written contract with consideration in the form of monies from the Plaintiff in return for a 2002 Mainship 390 Trawler and its subsequent delivery.

23. The agreement between the parties was subject to the implied covenant of good faith and fair dealing.

24. The Defendants, their agents or employees breached this agreement between the parties by failing to operate in good faith and deal fairly with the Plaintiff by falsely representing the particulars of the 2002 Mainship 390 Trawler.

25. As a result, the Plaintiff has been damaged.

## COUNT III
### ( Breach of Warranty )

26. The Plaintiff repeats and realleges the allegations contained in Paragraphs 1-25 of the Plaintiff's Complaint as though specifically restated herein.

27. The 2002 Mainship 390 Trawler that the Plaintiff purchased came with certain expressed and implied warranties that it was fit for its proper and intended purpose and use.

28. The Defendants, their agents or employees breached the aforementioned expressed and implied warranties.

29. As a result, the Plaintiff has been damaged.

## COUNT IV
### ( M.G.L.c. 93A )

30. The Plaintiff repeats and realleges the allegations contained in Paragraphs 1-29 of the Plaintiff's Complaint at though specifically restated herein.

31. The conduct of Defendants, their agents or employees, including but not limited to misrepresentation by the representatives of Commonwealth and Mainship at the 2001 Annapolis Boat Show, constitute violations of M.G.L.c. 93A.

32. The conduct of Defendants, their agents or employees was willful and intentional.

33. The Plaintiff, pursuant to M.G.L.c. 93A made a formal demand upon the Defendants. Both parties have failed to respond with a reasonable offer of settlement.

34. As a result of the conduct of the Defendants, their agents or employees in violation of M.G.L.c. 93A, the Plaintiff has been damaged.

## JURY DEMAND

THE PLAINTIFF REQUESTS A TRIAL BY JURY ON ALL TRIABLE ISSUES.

WHEREFORE, the Plaintiff prays that this court will:

1. Enter judgment for the Plaintiff against the Defendant on Counts I, II, III, and IV;

2. Determine the amount of monies the Defendants owe the Plaintiff and issue judgment therefore, together with interest and costs;

3. Award the Plaintiff his costs in prosecuting this action, including reasonable attorney's fees;

4. Treble any damages pursuant to M.G.L.c. 93A; and

5. Order such other relief as is meet and just.

Respectfully Submitted,
The Plaintiff,
By His Attorney,

John M. Wozniak (BBO# 556441)
Brandon S. Killion (BBO# 658740)
Wozniak & Padula, P.C.
82 Cape Road, Route 140
Mendon, MA 01756
(508) 478 - 3788

Dated: October 4, 2004

A true copy by photostatic process
Attest:
Asst. Clerk

*12/7/0*

# COMMONWEALTH OF MASSACHUSETTS

Worcester, ss.

SUPERIOR COURT
CIVIL ACTION NO.: W0CV2004-01932 /3

ROBERT J. KILLION, JR.
Plaintiff,

v.

COMMONWEALTH YACHTS and
MAINSHIP CORPORATION
Defendants.

# FILED

DEC 0 7 2004

ATTEST:

_Frances G. Joyce_

CLERK

4/

## ANSWER OF DEFENDANT MAINSHIP CORPORATION TO THE PLAINTIFF'S FIRST COMPLAINT AND JURY DEMAND

Defendant Mainship Corporation (hereinafter "Mainship") hereby answers the preamble and serially numbered counts and paragraphs of the First Complaint and Jury Demand as follows:

## FIRST COMPLAINT AND JURY DEMAND

This paragraph is a reiteration, in short, of the basis of the action to which no answer is required. However, any allegations of Fraud, Breach of Contract, Breach of Warranty, express or implied, or violation of M.G.L. c. 93A are expressly denied.

## PARTIES

1.     This defendant lacks knowledge or information sufficient to admit or deny these allegations.

2.    Denied in the form alleged.

3.    This defendant lacks knowledge or information sufficient to admit or deny these allegations.

## FACTS

4.    Mainship repeats and incorporates its answers to paragraphs 1 through 3 as if fully set forth herein.

5.    Admitted that the plaintiff registered warranty information which would tend to indicate a purchase was made, however, this defendant lacks knowledge or information sufficient to admit or deny these allegations.

6.    This defendant lacks knowledge or information sufficient to admit or deny these allegations.

7.    This defendant lacks knowledge or information sufficient to admit or deny these allegations.

8.    This defendant lacks knowledge or information sufficient to admit or deny these allegations.

9.     Denied in the form alleged.

10.     Denied in the form alleged.

11.     This defendant lacks knowledge or information sufficient to admit or deny these allegations.

12.     This defendant lacks knowledge or information sufficient to admit or deny these allegations.

13.     This defendant lacks knowledge or information sufficient to admit or deny these allegations.

14.     Denied in the form alleged.

## COUNT I – FRAUD

15.     Mainship repeats and incorporates its answers to paragraphs 1 through 14 as if fully set forth herein.

16.     Denied.

17.    Denied.

18.    Denied.

19.    Denied.

20.    Denied.

## COUNT II – BREACH OF CONTRACT

21.    Mainship repeats and incorporates its answers to paragraphs 1 through 20 as if fully set forth herein.

22.    Denied.

23.    Denied.

24.    Denied.

25.    Denied.

## COUNT III – BREACH OF WARRANTY

26.    Mainship repeats and incorporates its answers to paragraphs 1 through 25 as if fully set forth herein.

27.    Denied.

28.    Denied.

29.    Denied.

## COUNT IV – M.G.L. c. 93A

30.    Mainship repeats and incorporates its answers to paragraphs 1 through 29 as if fully set forth herein.

31.    Denied.

32.    Denied in the form alleged.

33.    Denied in the form alleged.

34.    Denied.


The next paragraphs are prayers for relief for which no response is required.


## AFFIRMATIVE DEFENSES


### First Affirmative Defense


The plaintiff's rights and remedies are governed by the terms and conditions of the limited warranty that accompanied the boat.


### Second Affirmative Defense


The plaintiff has had the use and benefit of the boat since the date of purchase, and Mainship is entitled to an offset of any recovery equal to the amount of the value of said use.


### Third Affirmative Defense


The plaintiff's claims are barred by the applicable statutes of limitation.


### Fourth Affirmative Defense


The plaintiff's late notice of any alleged breach of warranty has prejudiced Mainship,

wherefore they may not recover from this defendant.

## Fifth Affirmative Defense

The plaintiff's complaint, in whole or in part, fails to state a claim upon which relief may be granted.

## Sixth Affirmative Defense

The plaintiff's claimed damages, if any, were caused by third parties, for whose conduct Mainship is not responsible.

## Seventh Affirmative Defense

The plaintiff is not in privity of contract with Mainship, wherefore they may not recover from it.

## Eighth Affirmative Defense

Plaintiff failed to comply with the requirements of G.L. c.93A.

## Ninth Affirmative Defense

Plaintiff's claims are barred under the doctrine of accord and satisfaction.

## Tenth Affirmative Defense

Plaintiff's claims are barred under the doctrine of laches.

## Eleventh Affirmative Defense

Some or all of the plaintiff's claims are outside the coverage of the limited warranty that accompanied the boat, or are limited or barred because of the plaintiff's failure to comply with the terms and conditions set forth in the limited warranty.

## Twelfth Affirmative Defense

Some or all of the plaintiff's claims are barred by the economic loss doctrine.

## Thirteenth Affirmative Defense

The plaintiff has failed to revoke acceptance in a timely manner, or upon appropriate grounds, and thus is time barred from revoking acceptance of the boat.

## Fourteenth Affirmative Defense

The plaintiff has failed to mitigate his damages and thus is not entitled to damages from Mainship.

## Fifteenth Affirmative Defense

The plaintiff has failed to identify any defects with the boat which substantially impact its use or value.

## Sixteenth Affirmative Defense

The plaintiff has failed to state averments of fraud and/or misrepresentation with particularity as required by Mass. R. Civ. P. 9.

THIS DEFENDANT CLAIMS A TRIAL BY JURY OF ALL ISSUES.

The defendant,
Mainship Corporation,
By its attorneys,

A true copy by photostatic process
Attest: *Frances a Joy*
Asst. Clerk of Court

Peter M. Durney #139260
Anthony J. Manhart #657610
CORNELL & GOLLUB
75 Federal Street
Boston, MA 02110
(617) 482-8100

## CERTIFICATE OF SERVICE

I, Anthony J. Manhart, attorney for the defendant, Mainship Corporation, hereby certify that on the _6th_ day of December, 2004, a true copy of the foregoing Answer of Defendant Mainship Corporation to the Plaintiff's First Complaint and Jury Demand was served by facsimile and 1st class mail, postage prepaid, directed to:

John M. Wozniak, Esq.
Brandon S. Killion, Esq.
Wozniak & Padula, P.C.
82 Cape Road, Suite 140
Mendon, MA 01756


And by 1st class mail, postage prepaid, directed to:

Commonwealth Yachts
8109 Yacht Haven Road
P.O. Box #1070
Gloucester Point, VA 23062

_____
Anthony J. Manhart