UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

ROBERT J. KILLION, JR.,            )
      Plaintiff                )
v.                                 ) C.A. No. 04-40256-FDS
                                   )
COMMONWEALTH YACHTS, INC. and      )
MAINSHIP CORPORATION,              )
      Defendants               )

DEFENDANT COMMONWEALTH YACHTS, INC.'S
MEMORANDUM IN SUPPORT OF ITS
FED.R.CIV.P. RULE 12(b)(2) MOTION TO DISMISS

**Introduction:**

This case concerns Plaintiff's purchase of a Mainship powerboat through Commonwealth Yachts, Inc. ("Commonwealth Yachts"), a new and used yacht broker in Virginia. Plaintiff claims that the Defendants delivered a defective boat, misrepresented certain construction features, and failed to address the issue properly. In addition to denying Plaintiff's claims, Commonwealth Yachts contends that this Honorable Court has no personal jurisdiction over it. Therefore, the case against Commonwealth Yachts must be dismissed pursuant to F.R.C.P. Rule 12(b)(2).

**Facts:**

The Affidavit of Harry Barritt, President of Commonwealth Yachts, Inc. Avers the following facts:

Mr. Barritt is the president of Commonwealth Yachts, Inc., a Virginia corporation with its place of business in Gloucester Point, Virginia. Commonwealth Yachts has been in business for

approximately 20 years selling new and used boats in the greater Williamsburg and Jamestown Virginia areas. Affidavit of Harry Barritt, ¶1. Commonwealth Yachts has not marketed or sold any boat or other product in Massachusetts. Affidavit of Harry Barritt, ¶2. Mr. Barritt has not been to Massachusetts in 15 years and does not recall when another employee of Commonwealth Yachts has traveled here. Affidavit of Harry Barritt, ¶3.

Both the Amended Complaint and the Affidavit of Mr. Barritt aver that the Plaintiff attended the Annapolis Boat Show in Annapolis, Maryland during October of 2001. Plaintiff's Amended Complaint, ¶¶6-7; Affidavit of Harry Barritt, ¶4. Both Defendants were exhibitors at the show. Affidavit of Harry Barritt, ¶4.

Both the Plaintiff and Mr. Barritt acknowledge that Plaintiff and Commonwealth had certain discussions at the Annapolis Boat Show about the 2002 Mainship 390 Trawler that led to Plaintiff's purchase of the vessel. Plaintiff's Amended Complaint, ¶¶8-9; Affidavit of Harry Barritt, ¶¶6-8. Plaintiff alleges that certain misrepresentations were made in Annapolis that led him to purchase the vessel. Plaintiff's Amended Complaint, ¶¶9, 16-19. These alleged misrepresentations form the basis of Plaintiff's Fraud Count.

At the boat show, Plaintiff first sought to have Commonwealth Yachts cause the vessel to be delivered to Massachusetts. However, Commonwealth Yachts refused to do this and it was agreed that the vessel would be delivered to the Plaintiff in Virginia. Affidavit of Harry Barritt, ¶7.

In a related request, Plaintiff sought to have Commonwealth Yachts set up place of business in Massachusetts, which would somehow save the Plaintiff money. Commonwealth Yachts refused to do this as well. Affidavit of Harry Barritt, ¶ 8. Ultimately, the vessel was delivered in Virginia and the Plaintiff even paid Virginia sales tax on it. Affidavit of Harry

Barritt, ¶11.

The model boat and its options, the purchase price and all material terms were negotiated during the Annapolis Boat Show. Affidavit of Harry Barritt, ¶5. The purchase contract itself was a standard contract. See Exhibit A to the Affidavit of Harry Barritt. The only contact between Commonwealth Yachts and the Commonwealth of Massachusetts consisted of one or two telephone calls between the parties, and the faxing of the standard purchase agreement to the Plaintiff for his signature. Affidavit of Harry Barritt, ¶¶9-10.

**Discussion:**

When a defendant challenges personal jurisdiction, the plaintiff is has the burden required to establish facts in his complaint underlying the issue of the Court's jurisdiction under Chapter 223A, §1 et seq. Droukas v. Divers Training Academy, 375 Mass. 149, 151, 376 N.E.2d 548 (1978); U.S.S. Yachts, Inc. V. Ocean Yachts, Inc., 894 F.2d 9, 11 (1st Cir [P.R.] 1990).

Plaintiff must satisfy two requirements to satisfy his burden that this Court has personal jurisdiction over a Commonwealth Yachts. These are: 1) service of process must comport with the forum's long arm statute and 2) service must comport with Constitutional due process. United Electrical, Radio and Machine Workers of American .v. 163 Pleasant Street, Corp., 960 F.2d 1080, 1086.

Presumably, Plaintiff seeks to assert personal jurisdiction over Commonwealth Yachts under M.G.L. Chapter 223A, §3[1]. Chapter 223A, §3, as applicable to this case, provides that:

---

[1] A district court may exercise authority over a defendant by virtue of either general or specific jurisdiction. See Donatelli v. National Hockey League, 893 F.2d 459, 462-63 (1st Cir.1990). General jurisdiction "exists when the litigation is not directly founded on the defendant's forum-based contacts, but the defendant has nevertheless engaged in continuous and systematic activity, unrelated to the suit, in the forum state." United Elec.,

> *A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action in law or equity arising from the person's*
>
> > *(a) transacting any business in this commonwealth;*
> >
> > *(b) contracting to supply services or things in this commonwealth;*
> >
> > *(c) causing tortious injury by an act or omission in this commonwealth;*
> >
> > *(d) causing tortious injury in this commonwealth by an act or omission outside this commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this commonwealth;...* M.G.L. Chapter 223A, §3.

Section 3(a) has been construed broadly: "transacting any business" means any purposeful act directed to the forum state. Levin v. Harned, 304 F.Supp.2d 136, 145 (D.Mass. 2003). However, it is not so broad as to be satisfied by isolated and incidental contact. In a case somewhat similar to the present case, . Droukas v. Divers Training Academy, Supra. the Massachusetts Supreme Judicial Court upheld a dismissal for want of personal jurisdiction.

In Droukas, the defendant advertised marine engines for sale in a periodical that was distributed in Massachusetts. Droukas telephoned the defendant and the parties negotiated the transaction. Defendant mailed a correspondence confirming the terms of the sale. Defendant released the engines to a shipper in Florida who then delivered them to the plaintiff in Massachusetts. Id. at 551. The Massachusetts court found those contacts to be insufficient to establish personal jurisdiction under the Section 3(a) "transacting business" provision of the long arm statute. Id.

---

Radio & Mach. Workers v. 163 Pleasant St. Corp.,960 F.2d 1080, 1088 (1st Cir.1992). There are no facts to suggest, that Commonwealth Yachts be brought before a Massachusetts court on a general jurisdiction theory.

In the present case, contact between Commonwealth Yachts and Massachusetts was also minimal. It consisted of two telephone calls with the Plaintiff and the faxing of a standard purchase order to him. Like Droukas, the vessel was delivered in the seller's state. Clearly, Commonwealth Yachts may not be found to have transacted business in Massachusetts and the first part of the analysis must fail

The exercise of personal jurisdiction over Commonwealth Yachts also runs afoul of Constitutional due process requirements. In order for due process requirements to be satisfied over a non-resident defendant, that defendant must have "certain minimum contacts with the forum state such that maintenance of the suit does not offend traditional notions of fair play and substantial justice." Helicopteros Nacionalas de Colombia v. Hall, 466 U.S. 408, 414, 1045 S.Ct. 1868, 80 L.Ed.2d 404 (1989); quoting International Shoe, Co. v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945).

The contacts a Defendant must have with a forum state to warrant the assertion of in-personam jurisdiction must be purposeful and substantial, such that the Defendant should reasonably anticipate being hauled into court there. Worldwide Volkswagen Corp. v. Woodson, 444 U.S. 286, 292, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980).

In this case any incidental contact between Commonwealth Yachts and Massachusetts were anything but purposeful and substantial. Commonwealth Yachts refused to deliver the vessel in Massachusetts and also refused to set up a place of business there. It's contact with Massachusetts consisted of perhaps two telephone conversations and the faxing of a standard purchase contract to the Plaintiff after the material terms had been negotiated in Maryland.

The First Circuit has rejected a personal jurisdiction claim upon contacts similar to those

in the present case. See e.g., <u>Aylward v. Fleet Bank</u>, 122 F.3d 616, 618 (8th Cir.1997) (holding that three telephone calls and one letter within a seven month period were insufficient to support the exercise of personal jurisdiction when the alleged injury did not arise directly from the contacts); <u>U.S.S. Yachts, Inc. v. Ocean Yachts, Inc.</u>, 894 F.2d 9, 11 (1st Cir.1990) (holding that three letters sent to Puerto Rico were insufficient to support the exercise of personal jurisdiction in that venue); <u>Massachusetts School of Law at Andover, Inc. v. American Bar Ass'n</u>, 142 F.3d 26, 36-37 (1st Cir. 1998)(telephone call, meeting in Massachusetts and mailing of a memorandum were insufficient to establish personal jurisdiction). Like those cases this Court should refuse to exercise personal jurisdiction over the Defendant Commonwealth Yachts.

**Conclusion:**

Based on the foregoing, Defendant Commonwealth Yachts request's that its Motion to Dismiss the Complaint for lack of personal jurisdiction be allowed.

Respectfully submitted,

Commonwealth Yachts, Inc.
by its attorney

Dated: January 18, 2005

_____
Robert S. White, BBO #552229
Bourgeois, Dresser, White & Beard
4 Dix Street
Worcester, MA 01609
(508) 798-8801

F:\docs\ComYacht\Comyacht.006