UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

Robert J. Killion, Jr.
Plaintiff,
v.

Mainship Corporation and
Commonwealth Yachts
Defendants.

Civil Action No. 04-40256-FDS

**PLAINTIFFS MEMORANDUM OF LAW IN SUPPORT OF ITS OPPOSITION TO THE DEFENDANTS MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

The plaintiff, Robert J. Killion, Jr (the "Plaintiff") hereby submits this Memorandum of Law in Support of his Opposition to the Defendant, Commonwealth Yachts, Inc.s (the "Defendant") Motion to Dismiss.

I. STATEMENT OF THE CASE

This action involves and arises from the sale of a boat from the Defendant to the Plaintiff. Initially, discussions between the parties and/or their representatives, commenced at the Annapolis Boat Show. See Affidavit of Robert J. Killion, Jr. (hereinafter referred as "Killion Aff") ¶ 2. At that time, however, the sale was not consummated. Killion Aff ¶ 2. The consummation of the sale only took place following numerous communications by means of telephone between representatives of the Defendant and the Plaintiff. See Killion Aff ¶3. Moreover, at the conclusion of the discussions and subsequent execution of the contract, the Defendant forwarded the contract to the Plaintiff in the Commonwealth of Massachusetts. Upon receipt and following negotiations, numerous drafts of the contracts, the Plaintiff executed the

contract in the Commonwealth of Massachusetts. At all times during the course of the negotiations and discussions concerning the contract, the Defendant was well aware that they were dealing with the Plaintiff in the Commonwealth of Massachusetts.

II. ARGUMENT:

The conduct of the Defendant in this case clearly provides the requisite contacts for the purpose of establishing personal jurisdiction pursuant to M.G.L. c. 233A § 3. Moreover, as the evidence will demonstrate, representations concerning the boat, namely the very issues that are the underlying purpose for this suit, were communicated to the Plaintiff in the Commonwealth of Massachusetts by telephone.

The requisite standard when a motion to dismiss for lack of personal jurisdiction is filed pursuant to Fed. R. Civ. P. Rule 12 (b)(2), the burden is on the Plaintiff to prove sufficient facts to support and exercise the jurisdiction. See Nicholas Associates, Inc. v. Star, 4 Mass. App. Ct. 91-93-94(1976).

Pursuant to M.G.L. c. 233A, § 3 the Court may exercise jurisdiction over a person, who directly or by an agent, as to a cause of action in law or equity arising from the persons (a) transacting any business in this Commonwealth; (b) contracting to supply services or things in this Commonwealth; (c) causing tortuous injury by an act or omission in this Commonwealth; (d) causing tortuous injury in this Commonwealth by an act or omission outside this Commonwealth if he regularly does or solicits business or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this Commonwealth.

"Generally, a claim of personal jurisdiction over a non-resident defendant presents a two-fold inquiry. (1) Is the assertions of jurisdiction authorized by statute, and

(2) if authorized, is the exercise of jurisdiction under state law consistent with basic due process requirements mandated under the U.S. Constitution? Jurisdiction is permissible only when both questions draw affirmative responses." See Irma S. Mann Strategic Marketing, Inc. v. Innovatex Research and Development, Inc. 1993 Mass App. Div. 233 (1993). The "determination of whether exercising personal jurisdiction is proper is sensitive and specific to the facts in each case and every case must turn on its own facts." See Droukas v. Divers Training Academy, 375 Mass 149 (1978).

Although the Defendants rely heavily on the decision as stated in Droukas v. Divers Training Academy, such reliance is misplaced. The facts as evident in this instance are a far cry from the limited interaction between the Defendant and the Commonwealth of Massachusetts in Droukas. Specifically, contrary to the assertions and contentions of the Defendant, there is no contractual relationship entered into between the parties at the Annapolis Boat Show. Instead, what ensued following the Annapolis Boat Show was a series of extensive communications between the parties with the Plaintiff firmly located in the Commonwealth of Massachusetts. This fact was well known to the Defendant during this process, and in fact, the Defendant provided to the Plaintiff numerous communications by facsimile.

Moreover, once the terms were agreed upon, the sale was consummated in the Commonwealth of Massachusetts by virtue of the Plaintiff executing the contract in the Commonwealth of Massachusetts and forwarding it together with the requisite payment to the Defendant.

The jurisdictional reach is not simply limited to the requisite contacts although alone they are sufficient. In addition to these contacts, it is evident by the pleadings in

this case, the Defendant, through its agents and/or representatives made numerous representations concerning the boat at issue. Those representations were made during the course of conversations that took place between the parties while the Plaintiff was located in the Commonwealth of Massachusetts. Arguably, the facts will demonstrate that the Defendant made numerous misrepresentations during the course of these conversations. It is these misrepresentations, which serve as the basis for this claim.

Simply stated, there exists more than ample contact in the Commonwealth of Massachusetts with the transaction at issue and the claims that are now asserted. The Defendant cannot now deny that they aptly pursued the Plaintiff in the Commonwealth of Massachusetts and accept the responsibility for that pursuit in the form of submitting to the jurisdiction of the Commonwealth of Massachusetts.

WHEREFORE, the Plaintiff respectfully requests that the Defendants Motion to Dismiss be denied and grant such other and further relief as is meet and just.

Respectfully Submitted,
The Plaintiff,
By His Attorney,

John M. Wozniak, BBO#556441
Wozniak & Padula, P.C.
82 Cape Road
Mendon, MA 01756
(508) 478-3788

Dated: February 4, 2005

**CERTIFICATE OF SERVICE**

I, John M. Wozniak, hereby certify that a true and accurate copy of the forgoing Motion was served on the below-indicated parties via facsimile and regular mail, postage prepaid this 4th day of February, 2005.

Peter M. Durney, Esquire
Cornell & Gollub
75 Federal Street
Boston, MA 02110

Robert S. White, Esquire
Bourgeois Dresser & White
4 Dix Street
Worcester, MA 01609

John M. Wozniak (BBO# 556441)
Wozniak & Padula, P.C.
82 Cape Road, Rte. 140
Mendon, MA 01756
(508) 478-3788