UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

| | |
|---|---|
| Robert J. Killion, Jr.<br>    Plaintiff,<br>v.<br><br>Mainship Corporation and<br>Commonwealth Yachts<br>    Defendants. | Civil Action No. 04-40256-FDS |

### AFFIDAVIT OF ROBERT J. KILLION, JR.

I, Robert J. Killion, Jr., being duly sworn hereby depose and state as follows:

1. I am the Plaintiff in the above-captioned action and have personal knowledge of the facts contained in this Affidavit.

2. As an initial matter, and directly contrary to the assertions as stated by the representatives of the Defendant, Commonwealth Yachts, Inc.'s Motion to Dismiss, I never entered into any contract at the Annapolis Boat Show for the purchase of the vessel that is the subject of this action. To the contrary, although I had discussions and commenced negotiations with representatives of both Defendants, I at no point in time ever agreed to any material terms of the agreement.

3. In fact, the Annapolis Boat Show was held on October 12, 13, and 14, 2001. Once I had returned home, I received numerous telephone calls from Bill Berger, a representative of Commonwealth Yachts, Inc. This fact is clearly evident in the facsimile cover sheet to me from Bill Berger concerning my perspective purchase. In that facsimile, Mr. Berger notes that he had already

faxed me two contracts, one with guardrails and one without. Additionally, the facsimile clearly demonstrates a number of communications that were had as at the end of that facsimile he thanks me for my "patience with this process". A true and accurate copy of the facsimile to the Plaintiff dated October 16, 2001 is attached hereto and identified as Exhibit A.

4. It was only after extensive negotiations between myself and Mr. Berger that I agreed to enter into the transaction. Even at this point, however, I required them to forward me confirmation of the rebate in the amount of $14,000.00.

5. In each instance and throughout the course of these negotiations, I was contacted either at my home or my business in the Commonwealth of Massachusetts. Contrary to the assertions made by the Defendant in this case, I did not enter or agree to any material terms at the Annapolis Boat Show. Furthermore, the assertion that I agreed to take delivery of the boat in Virginia at the Annapolis Boat Show because the Defendant refused to do business in the Commonwealth of Massachusetts is also false. This decision was made following numerous discussions and only when representatives of the Defendant informed me that if I were to take delivery of the vessel in Massachusetts they would be infringing on other sellers in the area. The assertions characterizing this decision as one that I made as opposed to the Defendants representatives is simply ridiculous.

6. In closing, it is my firm belief that in the event discovery is conducted in this case and the phone records of the Defendant are provided, it will become clear that the representation concerning the number of telephone calls is blatantly

false. Simply stated, this is not a transaction entered into at the Annapolis Boat Show but one, which I negotiated in Massachusetts, executed contracts in Massachusetts and forward payment for the vessel from my Massachusetts bank account. At no point in time did the Defendant ever indicate to me expressly or by implication that they refused to do business in the Commonwealth of Massachusetts.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 3rd DAY OF FEBRUARY:

Robert J. Killion, Jr.

**CERTIFICATE OF SERVICE**

I, John M. Wozniak, hereby certify that a true and accurate copy of the forgoing Motion was served on the below-indicated parties via facsimile and regular mail, postage prepaid this 4th day of February, 2005.

Peter M. Durney, Esquire
Cornell & Gollub
75 Federal Street
Boston, MA 02110

Robert S. White, Esquire
Bourgeois Dresser & White
4 Dix Street
Worcester, MA 01609

_____
John M. Wozniak (BBO# 556441)
Wozniak & Padula, P.C.
82 Cape Road, Rte. 140
Mendon, MA 01756
(508) 478-3788