UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

|  |  |
|---|---|
| Robert J. Killion, Jr. )<br>     Plaintiff, )<br>v. )<br> )<br>Mainship Corporation and )<br>Commonwealth Yachts )<br>     Defendants. ) | Civil Action No. 04-40256-FDS |

### AMENDED COMPLAINT AND JURY DEMAND

This action has, as its origins, a transaction for the sale of a motor vessel. The vessel at issue in this action was manufactured by Mainship Corporation and sold to the plaintiff, Robert J. Killion, Jr., by Commonwealth Yachts of Gloucester Point, Virginia. Recovery is sought under the theories of Fraud, Breach of Contract, Breach of Warranty and M.G.L.c. 93A.

### PARTIES

1. The plaintiff, Robert J. Killion, Jr., (hereinafter "Plaintiff"), is an individual residing at 61 Redemption Rock Trail, Princeton, Worcester County, Massachusetts.

2. The defendant, Mainship Corporation, (hereinafter "Mainship") upon information and belief, is a New Jersey Corporation with a usual place of business located at 548 Industrial Boulevard, Midway, Georgia.

3. The defendant, Commonwealth Yachts, (hereinafter "Commonwealth"), upon information and belief, is a Virginia Corporation with a usual place of business located at 8109 Yacht Haven Road, Gloucester Point, Virginia.

### FACTS

4. The Plaintiff repeats and realleges the allegations contained in Paragraphs 1-3 of the Plaintiff's Complaint as though specifically restated herein.

5. On or about October 14, 2001, the Plaintiff purchased a Mainship 390 Trawler, (hereinafter "the vessel"), from Commonwealth Yachts.

6. Prior to purchasing this vessel, the Plaintiff had researched his purchase options for approximately two years leading up to the Annapolis Boat Show in Annapolis, Maryland, in October of 2001.

7. While at the Annapolis Boat Show the Plaintiff began discussing the particulars of the 2002 model year Mainship 390 Trawler with representatives from both Mainship and Commonwealth.

8. During conversations with the representatives of Mainship and Commonwealth regarding the 2002 Mainship 390 Trawler the Plaintiff asked a number of specific questions, including whether the vessel was made of solid fiberglass below the waterline and whether the swim platform leakage problems, present in some of the earlier model Mainship 390 and 350 Trawlers, had been addressed and solved.

9. In response to his direct questions, the representative of Mainship and Commonwealth answered both in the affirmative, stating that in fact all areas of the vessel below the waterline were made of solid fiberglass, and that the swim platform problems, present in some of the earlier model Mainship 350 and 390 Trawlers, had in fact been addressed, solved, and would no longer present an issue.

10. In reliance upon the representation of the Mainship and Commonwealth representatives, several days later after returning to Massachusetts, the Plaintiff purchased a 2002 Mainship 390 Trawler.

11. Subsequently, after taking possession of the vessel at Commonwealth's Gloucester Point location, the Plaintiff began to notice problems developing, including a noticeable list, and a loss of approximately 3 to 4 knots of top end speed, which impacted significantly the performance of the vessel.

12. Upon further investigation, the Plaintiff became aware that his swim platform had filled up with seawater, causing the list and speed loss as a result of added weight, which impacted the vessel's performance.

13. The Plaintiff took his vessel to DeMillo's Marine in Maine for repairs whereupon he became aware that the swim platform, which blends seamlessly with the hull and of which a substantial portion resides below the waterline of the vessel, was in fact cored and not made of solid fiberglass. Additionally, the cored areas of the swim platform had now become permeated with seawater, thereby wetting the balsa wood core.

14. Had the Plaintiff been aware that the vessel was not solid below the waterline and/or that the swim platform leakage issues remained present in the 2002 Mainship 390 Trawler model, the Plaintiff would not have purchased the vessel.

## CLAIMS

### COUNT I
### ( Fraud )

15. The Plaintiff repeats and realleges the allegations contained in Paragraphs 1-14 of the Plaintiff's Complaint as though specifically restated herein.

16. The Defendants, their agents or employees made material representations to the Plaintiff concerning the construction of all areas below the waterline, stating that such was solid fiberglass.

17. The Defendants, their agents or employees made material representations to the Plaintiff concerning the swim platform and whether the leakage problems had been addressed and solved in the 2002 Mainship 390 Trawler model, stating that they had.

18. At the time such material representations were made, Defendants, their agents and employees knew or should have known such material representations to be false and that such representations would induce the Plaintiff to act.

19. In entering the contract to purchase his vessel, Plaintiff relied upon the material representations of Defendants, their agents and employees as to the particulars of the vessel.

20. As a result, the Plaintiff has been damaged.

### COUNT II
### ( Breach of Contract )

21. Plaintiff repeats and realleges the allegations contained in Paragraphs 1-20 of Plaintiff's Complaint as though specifically restated herein.

22. The Plaintiff and Defendants signed and entered into a written contract with consideration in the form of monies from the Plaintiff in return for a 2002 Mainship 390 Trawler and its subsequent delivery.

23. The agreement between the parties was subject to the implied covenant of good faith and fair dealing.

24. The Defendants, their agents or employees breached this agreement between the parties by failing to operate in good faith and deal fairly with the Plaintiff by falsely representing the particulars of the 2002 Mainship 390 Trawler.

25. As a result, the Plaintiff has been damaged.

## COUNT III
### ( Breach of Warranty )

26. The Plaintiff repeats and realleges the allegations contained in Paragraphs 1-25 of the Plaintiff's Complaint as though specifically restated herein.

27. The 2002 Mainship 390 Trawler that the Plaintiff purchased came with certain expressed and implied warranties that it was fit for its proper and intended purpose and use.

28. The Defendants, their agents or employees breached the aforementioned expressed and implied warranties.

29. As a result, the Plaintiff has been damaged.

## COUNT IV
### ( M.G.L.c. 93A )

30. The Plaintiff repeats and realleges the allegations contained in Paragraphs 1-29 of the Plaintiff's Complaint at though specifically restated herein.

31. The conduct of Defendants, their agents or employees, including but not limited to misrepresentation by the representatives of Commonwealth and Mainship at the 2001 Annapolis Boat Show, constitute violations of M.G.L.c. 93A.

32. The conduct of Defendants, their agents or employees was willful and intentional.

33. The Plaintiff, pursuant to M.G.L.c. 93A made a formal demand upon the Defendants. Both parties have failed to respond with a reasonable offer of settlement.

34. As a result of the conduct of the Defendants, their agents or employees in violation of M.G.L.c. 93A, the Plaintiff has been damaged.

## JURY DEMAND

THE PLAINTIFF REQUESTS A TRIAL BY JURY ON ALL TRIABLE ISSUES.

WHEREFORE, the Plaintiff prays that this court will:

1. Enter judgment for the Plaintiff against the Defendant on Counts I, II, III, and IV;

2. Determine the amount of monies the Defendants owe the Plaintiff and issue judgment therefore, together with interest and costs;

3. Award the Plaintiff his costs in prosecuting this action, including reasonable attorney's fees;

4. Treble any damages pursuant to M.G.L.c. 93A; and

5. Order such other relief as is meet and just.

Respectfully Submitted,
The Plaintiff,
By His Attorney,

*[signature]*
John M. Wozniak (BBO# 556441)
Wozniak & Padula, P.C.
82 Cape Road, Route 140
Mendon, MA 01756
(508) 478 - 3788

Dated: February 7, 2005

## CERTIFICATE OF SERVICE

    I, John M. Wozniak, hereby certify that a true and accurate copy of the forgoing Motion was served on the below-indicated parties via facsimile and regular mail, postage prepaid this 7th day of February, 2005.

Peter M. Durney, Esquire
Cornell & Gollub
75 Federal Street
Boston, MA 02110

Robert S. White, Esquire
Bourgeois Dresser & White
4 Dix Street
Worcester, MA 01609

                                                                                  John M. Wozniak (BBO# 556441)
                                                                                 Wozniak & Padula, P.C.
                                                                                 82 Cape Road, Rte. 140
                                                                                 Mendon, MA 01756
                                                                                 (508) 478-3788