UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

ROBERT J. KILLION, JR.
Plaintiff,

CIVIL ACTION NO.: 04-40256-FDS

v.

COMMONWEALTH YACHTS and
MAINSHIP CORPORATION
Defendants.

## ANSWER OF DEFENDANT MAINSHIP CORPORATION TO THE PLAINTIFF'S AMENDED COMPLAINT AND JURY DEMAND

Defendant Mainship Corporation (hereinafter "Mainship") hereby answers the preamble and serially numbered counts and paragraphs of the Amended Complaint and Jury Demand as follows:

## AMENDED COMPLAINT AND JURY DEMAND

This paragraph is a reiteration, in short, of the basis of the action to which no answer is required. However, any allegations of Fraud, Breach of Contract, Breach of Warranty, express or implied, or violation of M.G.L. c. 93A are expressly denied.

## PARTIES

1.    This defendant lacks knowledge or information sufficient to admit or deny these allegations.

2.      Admitted that Mainship is a corporation under the laws of the State of New Jersey, and does business in the State of Georgia, but otherwise denied in the form alleged.

3.      This defendant lacks knowledge or information sufficient to admit or deny these allegations.

<u>FACTS</u>

4.      Mainship repeats and incorporates its answers to paragraphs 1 through 3 as if fully set forth herein.

5.      Admitted that the plaintiff registered warranty information which would tend to indicate a purchase was made, however, this defendant lacks knowledge or information sufficient to admit or deny these allegations.

6.      This defendant lacks knowledge or information sufficient to admit or deny these allegations.

7.      This defendant lacks knowledge or information sufficient to admit or deny these allegations.

8.    This defendant lacks knowledge or information sufficient to admit or deny these allegations.

9.    Denied in the form alleged.

10.    Denied in the form alleged.

11.    This defendant lacks knowledge or information sufficient to admit or deny these allegations.

12.    This defendant lacks knowledge or information sufficient to admit or deny these allegations.

13.    This defendant lacks knowledge or information sufficient to admit or deny these allegations.

14.    Denied in the form alleged.

## COUNT I – FRAUD

15.    Mainship repeats and incorporates its answers to paragraphs 1 through 14 as if fully set forth herein.

16.    Denied.

17.    Denied.

18.    Denied.

19.    Denied.

20.    Denied.

## COUNT II – BREACH OF CONTRACT

21.    Mainship repeats and incorporates its answers to paragraphs 1 through 20 as if fully set forth herein.

22.    Denied.

23.    Denied.

24.    Denied.

25.    Denied.

## COUNT III – BREACH OF WARRANTY

26.     Mainship repeats and incorporates its answers to paragraphs 1 through 25 as if fully set forth herein.

27.     Denied.

28.     Denied.

29.     Denied.

## COUNT IV – M.G.L. c. 93A

30.     Mainship repeats and incorporates its answers to paragraphs 1 through 29 as if fully set forth herein.

31.     Denied.

32.     Denied in the form alleged.

33.     Denied in the form alleged.

34.    Denied.

The next paragraphs are prayers for relief for which no response is required.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The plaintiff's rights and remedies are governed by the terms and conditions of the limited warranty that accompanied the boat.

### Second Affirmative Defense

The plaintiff has had the use and benefit of the boat since the date of purchase, and Mainship is entitled to an offset of any recovery equal to the amount of the value of said use.

### Third Affirmative Defense

The plaintiff's claims are barred by the applicable statutes of limitation.

### Fourth Affirmative Defense

The plaintiff's late notice of any alleged breach of warranty has prejudiced Mainship,

wherefore they may not recover from this defendant.

## Fifth Affirmative Defense

Venue is improper.

## Sixth Affirmative Defense

This Court lacks personal jurisdiction over this defendant.

## Seventh Affirmative Defense

The plaintiff's complaint, in whole or in part, fails to state a claim upon which relief may be granted.

## Eighth Affirmative Defense

This forum is non conveniens.

## Ninth Affirmative Defense

The plaintiff's claimed damages, if any, were caused by third parties, for whose conduct Mainship is not responsible.

### Tenth Affirmative Defense

The plaintiff is not in privity of contract with Mainship, wherefore they may not recover from it.

### Eleventh Affirmative Defense

Plaintiff failed to comply with the requirements of G.L. c.93A.

### Twelfth Affirmative Defense

Plaintiff's claims are barred under the doctrine of accord and satisfaction.

### Thirteenth Affirmative Defense

Plaintiff's claims are barred under the doctrine of laches.

### Fourteenth Affirmative Defense

Some or all of the plaintiff's claims are outside the coverage of the limited warranty that accompanied the boat, or are limited or barred because of the plaintiff's failure to comply with the terms and conditions set forth in the limited warranty.

9

## Fifteenth Affirmative Defense

Some or all of the plaintiff's claims are barred by the economic loss doctrine.

## Sixteenth Affirmative Defense

The plaintiff has failed to revoke acceptance in a timely manner, or upon appropriate grounds, and thus is time barred from revoking acceptance of the boat.

## Seventeenth Affirmative Defense

The plaintiff has failed to mitigate his damages and thus is not entitled to damages from Mainship.

## Eighteenth Affirmative Defense

The plaintiff has failed to identify any defects with the boat which substantially impact its use or value.

## Nineteenth Affirmative Defense

The plaintiff has failed to state averments of fraud and/or misrepresentation with particularity as required by Mass. R. Civ. P. 9.

THIS DEFENDANT CLAIMS A TRIAL BY JURY OF ALL ISSUES.

> The defendant,
> Mainship Corporation,
> By its attorneys,
>
> Peter M. Durney #139260
> Anthony J. Manhart #657610
> CORNELL & GOLLUB
> 75 Federal Street
> Boston, MA 02110
> (617) 482-8100

## CERTIFICATE OF SERVICE

I, Anthony J. Manhart, attorney for the defendant, Mainship Corporation, hereby certify that on the 8th day of March, 2005, a true copy of the foregoing Answer of Defendant Mainship Corporation to the Plaintiff's Amended Complaint and Jury Demand was served by 1st class mail, postage prepaid, directed to:

John M. Wozniak, Esq.
Brandon S. Killion, Esq.
Wozniak & Padula, P.C.
82 Cape Road, Suite 140
Mendon, MA 01756

Robert S. White, Esq.
Bourgeois Dresser & White
4 Dix Street
Worcester, MA 01609

Anthony J. Manhart