UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

CIVIL ACTION NO.: 04-40256-FDS

ROBERT J. KILLION, JR
    Plaintiff,

v.

COMMONWEALTH YACHTS and
MAINSHIP CORPORATION
    Defendants.

## DEFENDANT MAINSHIP CORPORATION'S MOTION TO DISMISS

Defendant Mainship Corporation ("Mainship") respectfully moves this court to dismiss this action. As grounds for this motion, Mainship states: (1) the plaintiff has not demonstrated that the Massachusetts long-arm statute applies to Mainship; (2) the plaintiff has not demonstrated that Mainship has the requisite minimum contacts for this court to exercise personal jurisdiction; (3) this is an improper venue; and (4) this action should be dismissed under the doctrine of forum *non-conveniens*.

More particularly, Mainship states:

1. In this case, the plaintiff has set forth jurisdictional facts which, viewed in the light most favorable to him[1], are as follows.

---

[1] The defendants dispute many of the facts alleged, and deny any wrongdoing whatsoever.

2. Robert J. Killion, Jr. (hereinafter "Killion" or plaintiff), is an individual who resides in Princeton, Worcester County, Massachusetts. In 2000 and 2001, Robert J. Killion, Jr., researched Mainship boats, including the 2002 Mainship 390 Trawler. Mainship is a corporation under the laws of the State of New Jersey, and does business in the State of Florida and the State of Georgia. Mainship has no authorized dealerships in the Commonwealth of Massachusetts and is not registered to do business in Massachusetts.

3. In October, 2001, Killion attended a boat show which took place in Annapolis, Maryland. At this Maryland boat show, Killion spoke with representatives of Mainship and a small dealer and broker of yachts, Commonwealth Yachts, Inc. (hereinafter "Commonwealth Yachts"). Commonwealth Yachts is a Virginia Corporation with its place of business in Gloucester Point, Virginia.

4. Killion alleges that during the conversations at the Maryland boat show, Mainship and Commonwealth Yachts made certain representations regarding the construction of the boat, particularly that the boat was constructed of solid fiberglass below the waterline. Killion also allegedly asked at the Annapolis, Maryland, boat show about swim platform leakage problems which were allegedly present in earlier models of certain Mainship trawlers. Killion claims to have been given a response that the boat was made of solid fiberglass below the waterline and that any swim platform problems had been resolved.

5. Killion contends that he then returned to Massachusetts, after which he concluded the purchased of a 2002 Mainship 390 Trawler (hereinafter "the subject boat") from

Commonwealth Yachts, on October 14, 2001. Killion took possession of the boat at Commonwealth Yachts's Gloucester Point, Virginia, location.

6. Killion alleges that after he took possession of the subject boat in Virginia, he began to notice problems with its performance. He contends that these performance issues were related to the swim platform on the subject boat filling with sea water. Killion contends that he discovered that the swim platform was actually cored and not made from solid fiberglass when he had repairs on the boat made at DiMillo's Old Port Marina and Yachts Sales (hereinafter "DiMillo's") in Maine.

7. On October 5, 2004, despite attempts made by Mainship to address the plaintiff's concerns and to gather information related to the plaintiff's claims, Killion filed suit in the Worcester Superior Court. Mainship removed the case shortly thereafter.

8. Pursuant to Fed.R.Civ.P.12(b)(2), Mainship respectfully submits this case should be dismissed because this Court does not have personal jurisdiction over it. The plaintiff has not established that the Massachusetts long-arm statute applies because he has not demonstrated anything other than random or isolated contacts with the Commonwealth of Massachusetts. The plaintiff has also failed to demonstrate that Mainship has made the requisite contacts with Massachusetts for this Court to exercise jurisdiction.

9. In addition, pursuant to Fed.R.Civ.P.12(b)(3) this case should be dismissed because the District of Massachusetts is an improper forum for this action. Under 28 U.S.C. § 1391(a), the plaintiff must establish that the case falls under one of the provisions thereof. Here, the

plaintiff cannot demonstrate that all of the defendants reside in Massachusetts; that a substantial part of the acts or omissions giving rise to this claim occurred in Massachusetts; or that there is no other district in which this action could arise.

10. Finally, the factors used by courts to find forum *non-conveniens* weigh heavily in favor of dismissing this case.

See further Affidavit of Michael Hankins and Mainship's supporting Memorandum, submitted herewith.

### REQUEST FOR ORAL ARGUMENT

Should the plaintiff oppose this motion, defendant Mainship Corporation requests oral argument to assist the Court in its ruling.

The defendant,
Mainship Corporation,
By its attorneys,

Peter M. Durney #139260
Anthony J. Manhart #657610
CORNELL & GOLLUB
75 Federal Street
Boston, MA 02110
(617) 482-8100

CERTIFICATE OF SERVICE

I, Anthony J. Manhart, attorney for the defendant, Mainship Corporation, hereby certify that on the 23rd day of May, 2005, a true copy of the foregoing Defendant Mainship Corporation's Motion to Dismiss, was served by 1st class mail, postage prepaid, directed to:

John M. Wozniak, Esq.
Brandon S. Killion, Esq.
Wozniak & Padula, P.C.
82 Cape Road, Suite 140
Mendon, MA  01756

Robert S. White, Esq.
Bourgeois Dresser & White
4 Dix Street
Worcester, MA  01609

_____
Anthony J. Manhart