UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

CIVIL ACTION NO.: 04-40256-FDS

ROBERT J. KILLION, JR
    Plaintiff,

v.

COMMONWEALTH YACHTS and
MAINSHIP CORPORATION
    Defendants.

**DEFENDANT MAINSHIP CORPORATION'S LIMITED REPLY TO PLAINTIFF'S OPPOSITION TO ITS MOTION TO DISMISS**

Defendant Mainship Corporation ("Mainship") respectfully submits the following in reply to Plaintiff's Opposition to Defendant Mainship Corporation's Motion to Dismiss. This brief reply is not meant to restate arguments made in Mainship's Memorandum in Support of Its Motion to Dismiss, but rather to address new issues raised by the plaintiff in his opposition.

**I.   PLAINTIFF HAS NOT MET HIS BURDEN TO ESTABLISH GENERAL OR SPECIFIC JURISDICTION**

    **A.   General Jurisdiction**

"The level of contacts needed to establish general jurisdiction is considerably higher than that needed for specific jurisdiction." LXT Corp. v. Daewoo Corp., 979 F.Supp. 51, 58 (D. Mass. 1997). The plaintiff must show that there were minimum contacts that were "continuous and systematic," and that exercise of jurisdiction is fair. See id. at 57-58; see also Diamond Healthcare of Ohio, Inc. v. Humility of Mary Health Partners, 229 F.3d 448, 450 (4th Cir. 2000) (applying Virginia law) (attached as Exhibit "A").

Here the plaintiff has not met his burden. What can be gleaned from his opposition is that:

1. Mainship contacted the plaintiff once by facsimile, see Affidavit of Robert J. Killion, Jr., dated June 15, 2005 (hereinafter "Killion Affidavit"), at ¶2;

2. the plaintiff had discussions with Commonwealth Yachts, Inc. (hereinafter "Commonwealth Yachts"), and Mainship in Maryland, id. at ¶3;

3. there may have been an authorized dealership for Mainship in Massachusetts at the time of the purchase and sale of the subject boat, Killion Affidavit at ¶3-4; and

4. there is a Mainship dealership in the State of Maine. Id. at ¶5.

The sum total of these contacts, however, certainly does not reach the level required for attaching general jurisdiction. In addition, the standard procedure for Mainship's sales is to respond to customers by sending material to them. (Affidavit of Michael Hankins, dated June 30, 2005, at ¶2, attached hereto as Exhibit "B.") Mainship does not have a policy of sending unsolicited information regarding particular boats to potential customers in the absence of a request. (Id. at ¶¶3-4.) As evidenced by the plaintiff's own contention, the discussions that occurred at the Maryland boat show took place in *Maryland* and have no connection with Massachusetts. (Affidavit of Robert J. Killion, Jr., dated June 15, 2005, at ¶3.) Finally, there was *no* authorized dealer of Mainship vessels in Massachusetts at the time the plaintiff purchased the subject boat. (Affidavit of James Krueger, at ¶¶2-5, attached hereto as Exhibit "C.")[1]

B.    **Specific Jurisdiction**

Furthermore, the sum total of the above contacts, even read in a light most favorable to the plaintiff, does not establish specific jurisdiction. "A plaintiff has the burden of establishing facts to

---

[1] Even if there were an authorized dealer in Massachusetts at the time he purchased the boat, the plaintiff has pointed to no legal authority that simply the existence of an authorized dealer equates to personal jurisdiction. Further, the plaintiff points to no other support for his contention of general personal jurisdiction.

show that the ground relied on under [the Massachusetts long-arm statute] is present." Intech, Inc. v. Triple "C" Marine Salvage, Inc., 444 Mass. 122, 125 (2005). The Court should not "credit conclusory allegations or draw farfetched inferences." Sawtelle v. Farrell, 70 F.3d 1381, 1386 (1st Cir. 1995). "In order to defeat a motion to dismiss for want of *in personam* jurisdiction, a plaintiff must do more than simply surmise the existence of a favorable factual scenario; he must verify the facts alleged through materials of evidentiary quality." Barrett v. Lombardi, 239 F.3d 23, 27 (1st Cir. 2001). Here, the plaintiff is asking the Court to accept its inferences and conclusory allegations. Without providing any evidence that his cause of action arises from contacts Massachusetts, the plaintiff asks this Court to exercise jurisdiction over Mainship. As more thoroughly discussed in its original Motion to Dismiss, the plaintiff still does not establish purposeful availment, and the so-called Gestalt factors weigh in favor of dismissal.

## II. PLAINTIFF HAS NOT ESTABLISHED AGENCY

The plaintiff also makes vague allegations that Commonwealth Yachts acted as an agent for Mainship during or after the Maryland boat show in October, 2001. "The burden of proving that an agency relationship exists . . . rests entirely on the party asserting its existence." Oullette v. Sheraton Corp., 1 Mass. L. Rptr. 65, 66 (Mass. Super. 1993) (citing Wood v. Holiday Inns, Inc., 508 F.2d 167, 173 (5th Cir. 1975)) (attached hereto as Exhibit "D"); see also Hartzell Fan, Inc. v. Waco, Inc., 505 S.E.2d 196, 200 (Va. 1998) (applying similar principles under Virginia law) (attached hereto as Exhibit "E"). The mere fact that an entity is a dealership of a manufacturer is not in itself sufficient to establish agency. See, e.g., Theos & Sons, Inc. v. Mack Trucks, Inc., 1999 Mass. App. Div. 14 (1999) (attached hereto as Exhibit "F").

> An agency relationship has three essential characteristics: (1) the power of the agent to alter the legal relationships between the principal and third parties and the principal and himself; (2) the existence of a fiduciary relationship toward the principal with respect to matters within the scope of the agency; and (3) the right of

the principal to control the agent's conduct with respect to matters within the scope of the agency.

Sable v. Mead Johnson & Co., 737 F. Supp.135, 138 (D. Mass. 1990).

In this case the plaintiff, other than a bald assertion, has made no effort to establish that an agency relationship exists between Mainship and Commonwealth Yachts. Therefore, the Court cannot examine Commonwealth Yacht's actions to establish personal jurisdiction over Mainship.

### III. PLAINTIFF HAS NOT DEMONSTRATED THAT THE CORPORATE VEIL SHOULD BE PIERCED FOR ALLEGEDLY RELATED ENTITIES

Finally, in his June 15, 2005, Affidavit, the plaintiff makes the oblique suggestion that because a dealership in Massachusetts sells different, but allegedly related, entities' boats, that somehow the exercise of jurisdiction against Mainship is warranted. Once again, this bald assertion is not supported by any facts, and does not comport with Massachusetts or Virginia law. In order to pierce the corporate veil and attribute a related entity's actions, the plaintiff must establish that

(a) there is active and direct participation by the representative of one corporation, apparently exercising some form of pervasive control in the activities of another, and there is some fraudulent or injurious consequence of the intercorporate relationship; or

(b) there is a confused intermingling of activity of two or more corporations engaged in a common enterprise with substantial disregard of the separate nature of the corporate entities, or serious ambiguity about the manner and capacity in which various corporations and their respective representatives are acting.

Miller v. Honda Motor Co., Ltd., 779 F.2d 769, 772 (1st Cir. 1985) (quoting My Bread Baking Co. v. Cumberland Farms Inc., 353 Mass. 614, 619 (1968)); see also Eure v. Norfolk Shipbuilding & Drydock Corp., Inc., 561 S.E.2d 663, 669 (Va. 2002) ("The separate corporate entities of corporations will be observed by the courts unless a corporation is shown to be the adjunct, creature, instrumentality, device, stooge, or dummy of another corporation.") (internal quotation omitted) (attached hereto as Exhibit "G").

The plaintiff has made no such showing, and therefore, the fact that a dealership in Massachusetts sells boats of different manufacturers has no bearing on the jurisdictional facts in this case.

### IV. Conclusion

The plaintiff has failed to establish that this Court has jurisdiction over Mainship. That being the case, the defendant's Motion to Dismiss should be granted.

The defendant,
Mainship Corporation,
By its attorneys,

_____
Peter M. Durney (#139260)
Anthony J. Manhart #657610
CORNELL & GOLLUB
75 Federal Street
Boston, MA 02110
(617) 482-8100

### CERTIFICATE OF SERVICE

I, Anthony J. Manhart, attorney for the defendant, Mainship Corporation, hereby certify that on the 1st day of July, 2005, a true copy of the foregoing Defendant Mainship Corporation's Reply to Plaintiff's Opposition to Its Motion to Dismiss was served by first class mail, postage prepaid, directed to:

John M. Wozniak, Esq.
Brandon S. Killion, Esq.
Wozniak & Padula, P.C.
82 Cape Road, Suite 140
Mendon, MA  01756

- 6 -

Robert S. White, Esq.
Bourgeois Dresser & White
4 Dix Street
Worcester, MA  01609

/s/ Anthony J. Manhart
_____
Anthony J. Manhart

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CLERK'S NOTICE

This document can not be scanned due to its size, or the way in which it was bound.

The original is available for viewing in the Clerk's Office.